SARAH M. MITCHELL *vs.* WILLIAM H. THOMAS.

Suffolk.    March 22, 1907. — May 14, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Evidence*, Presumptions and burden of proof. *Practice, Civil,* Claim for jury trial.

At a hearing on a motion by the defendant to remove a case from a session of the Superior Court sitting without a jury to another session for a trial by jury, the judge hearing the motion had before him an affidavit stating that the affiant duly filed with the clerk of the court a claim in writing for a jury trial on behalf of the defendant, but neither the files nor the docket of the clerk's office showed such a claim, and an assistant clerk testified that he had no recollection of the filing of such a claim. *Held*, that a denial of the motion was warranted.

The record of the Superior Court imports verity and is the best evidence of the proceedings it purports to register.

CONTRACT on a promissory note. Writ in the Municipal Court of the City of Boston, where there was a trial and judgment for the plaintiff, dated May 24, 1904. On appeal to the Superior Court for the county of Suffolk, the case came on for trial in the session without a jury and the defendant made a motion that it " be removed from the 'jury waived' list and placed upon the list from which he may get trial by jury." His motion was supported by an affidavit of one McNamara stating in positive terms that he had filed a claim for a jury trial on behalf of the defendant with the assistant clerk of the Superior Court on the entry of the appeal. The motion was heard by *Hitchcock*, J., and there was testimony, which is described in the opinion, of the assistant clerk referred to in the affidavit of McNamara. The motion was denied and the defendant excepted and appealed.

Upon the case being reached for trial, the defendant's attorney stated that the defendant " was not in court because he denied the jurisdiction of the court, claiming that he had a right to trial by jury." The presiding judge ordered the defendant defaulted, to which the defendant excepted.

*J. F. O'Connell*, (*W. F. McNamara* with him,) for the defendant.

*F. S. Harlow*, for the plaintiff, was not called upon.

KNOWLTON, C. J. This is an action upon a promissory note. On March 5, 1906, the plaintiff filed a claim for a trial by jury. On March 14, 1906, she waived this claim, and the case was subsequently put upon the list of cases for trial without a jury. When the case was reached, the defendant, having supposed until then that it was for trial by jury, filed a motion that it be transferred to the jury list, and accompanied the motion by an affidavit, stating that, at the time of entering the appeal, he gave to one of the assistant clerks of the court a demand for a trial by jury. He called as a witness the assistant clerk to whom he said he handed the demand, and this witness testified, in substance, that he had no knowledge or recollection of such a demand, although he remembered that he had some conversation with the defendant's counsel about the case. The judge denied the defendant's motion and ordered the case to stand for trial without a jury. Afterwards the defendant was defaulted, his attorney stating that he denied the jurisdiction of the court.

The defendant excepted to the order for the entry of the default.

It is to be assumed that the judge was not satisfied of the truth of the affidavit, which contradicted the record of the court. Such a record imports verity, and is the best evidence of the proceedings which it purports to register. The recollection of the assistant clerk did not help the defendant upon the material point, and the judge was not bound to believe the affiant, against the record, which was supported by the official oath of the recording officer.

*Exceptions overruled.*