JOHN D. LYNCH *vs.* JOHN W. LYONS.

SAME *vs.* JAMES F. MAHONEY.

Middlesex. December 5, 1938. — May 2, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Libel and Slander. Evidence,* Competency, Of criminal proceedings.

A statement in a radio address that a candidate for public office charged "E. R. A. workers ten cents a piece for cashing their meagre pay checks," where no special damage to the candidate was alleged or proved, was not actionable.

Oral testimony as to circumstances leading up to a complaint in a district court, as to the evidence at the trial of the complaint, and as to what a police officer had told a third person about that case, offered, at the trial of actions for slander and for libel, as evidence of the truth of alleged statements by the defendants imputing to the plaintiff the crime set forth in the complaint, properly was excluded.

TWO ACTIONS OF TORT. Writs in the Third District Court of Eastern Middlesex dated November 2, 1935.

Upon removal to the Superior Court, verdicts were returned before *Dowd,* J., in the first action for the plaintiff upon the second count in the sum of $5,000, upon the third count in the sum of $2,500, upon the fourth count in the sum of $1,000, and upon the fifth count in the sum of $1,000; and in the second action for the plaintiff in the sum of $6,500.

*F. P. Garland,* (*R. C. Evarts* with him,) for the defendants.

*R. T. Bushnell,* for the plaintiff.

DOLAN, J. These are two actions of tort which were tried to a jury and now come before us on the defendants' consolidated bill of exceptions.

The case of Lynch *v.* Lyons is an action for slander based upon statements made by the defendant in speeches delivered over the radio on October 30, 1935, and November 1, 1935, during the course of a political campaign in which the plaintiff and the defendant were candidates for the

office of mayor of the city of Cambridge. The action against Mahoney is one for libel based upon the publication of a circular containing excerpts from Lyons's speech of October 30, 1935. The circular was issued under the authority and signature of Mahoney, who was Lyons's campaign manager. In each case the answer contained a general denial and pleas of truth and privilege. The declaration in the action against Lyons contained five counts, the first of which was waived by the plaintiff. The jury returned a verdict for the plaintiff on each of the four counts relied upon, the total of the verdicts being $9,500. In the action against Mahoney for libel the declaration was in one count, and the jury returned a verdict for the plaintiff in the sum of $6,500.

The first exception argued by the defendant Lyons is that the judge erred in denying his motions for directed verdicts on the third and fifth counts of the declaration. The words relied upon by the plaintiff in the third count were uttered by the defendant Lyons during his radio speech of October 30, 1935, and are as follows: "Not only have we the indelible records of the courts of Middlesex County, but we also have such typical acts as this man's practice in charging E. R. A. workers ten cents a piece for cashing their meagre pay checks in his drug store. You can verify this from any number of E. R. A. workers who have contributed their dimes to the overflowing coffers of the John D. Lynch Drug Co. This dime coming out of the pay check of a $12.00 a week E. R. A. worker with a family represents a loaf of bread or a quart of milk taken away from hungry children. My good people of Cambridge, what a human individual to have as mayor of our city!"

The words set forth in the fifth count, which were spoken by the defendant Lyons over the radio on November 1, 1935, are these: "In my last radio address, on October 30th, I mentioned the despicable practice of my opponent in charging the E. R. A. workers ten cents each for cashing their pay checks in his drug store. Since that time he has publicly denied this. My good friends, I wish you were

with me this morning when a woman came to my home and told me her story. She voluntarily offered the following affidavit, which I read verbatim: 'Commonwealth of Massachusetts Middlesex, ss. Cambridge, Mass., November 1, 1935. Affidavit. Now comes Mrs. Leona J. MacArthur, residing at 23 Bay Street Cambridge, . . . and being duly sworn on oath deposes and says that she was employed as an E. R. A. worker on the real estate survey project for the United States Government. And further says that she received $14.40 a week pay in the form of a government check and that she presented the said check to John D. Lynch personally, who is located at No. 2406 Massachusetts Avenue, North Cambridge, Mass. and that the said John D. Lynch cashed the said check and charged her ten cents for so doing. [Signed] Mrs. Leona J. MacArthur, Commonwealth of Massachusetts Middlesex, ss. Cambridge, Mass., November 1, 1935. Then personally appeared the above named Mrs. Leona J. MacArthur and made oath that the above statement is true, so help her God. J. Henry Smith, Notary Public. Commission expires Sept. 11, 1942. The great seal of the Commonwealth of Massachusetts.' Oh, my friends, if you were only with me this morning when she told me her pitiful story. At the time this check was cashed her husband was in a sanitarium as the result of continued illness resulting from pneumonia and a serious accident. She was forced to earn the bread and butter to keep body and soul together for her family. Yet Mr. Lynch, the banker, took ten cents away from her. Ten cents that would have purchased a loaf of bread or a bottle of milk for her child. There again is evidence, backed by affidavit."

In each of these two counts the innuendo is "meaning and intending thereby to convey that the plaintiff, a substantial business man, for his own financial gain, was depriving unfortunates employed by the Emergency Relief Administration of an unconscionable portion of their weekly wage for the service of cashing their pay checks . . . ." It is settled that words spoken orally are not actionable *per se,* unless they charge the plaintiff with a crime, or state

that he is suffering from certain diseases, or prejudice him
in his office, profession or business or may probably tend
to do so. *Chaddock* v. *Briggs*, 13 Mass. 248, 252. *Bloss* v.
*Tobey*, 2 Pick. 320, 328. *Lovejoy* v. *Whitcomb*, 174 Mass.
586, 588. *Craig* v. *Proctor*, 229 Mass. 339, 341, and cases
cited. In actions for libel as distinguished from slander it
is settled otherwise. *King* v. *Northeastern Publishing Co.*
294 Mass. 369, 371.

The gist of the charges as set forth in these counts is that
the plaintiff charged "E. R. A. workers ten cents a piece
for cashing their meagre pay checks." Whether the charges
were true or false the acts charged were such as the plain-
tiff had a legal right to do. *Peck* v. *Wakefield Item Co.* 280
Mass. 451, 455. Neither the words complained of nor the
innuendos set forth in these counts impute to the plain-
tiff the commission of a crime. They do not impute to
the plaintiff any corruption, dishonesty, misconduct in his
office, profession or business, nor the lack of some quality
demanded of a person in the lines of endeavor pursued by
him. In these respects the case is distinguishable from
such cases as *Chenery* v. *Goodrich*, 98 Mass. 224, 232, *Fitz-
gerald* v. *Robinson*, 112 Mass. 371, 381, *Morasse* v. *Brochu*,
151 Mass. 567, 575, *Barnett* v. *Loud*, 226 Mass. 447, 449,
*Warner* v. *Fuller*, 245 Mass. 520, 523, and *Morgan* v. *Re-
publican Publishing Co.* 249 Mass. 388, 391. The words
spoken are not actionable *per se*. No special damage is
alleged by the plaintiff in these counts. When "special
or peculiar damages are claimed, it is necessary to aver
them specifically." *Antokol* v. *Barber*, 248 Mass. 393, 395.
The allegations in these counts, that as a result of the
words complained of the plaintiff was held up to ridicule
and contempt by the citizens of Cambridge, all to his
damage, are at best merely descriptive of general, not
special, damages. *Morrill* v. *Crawford*, 278 Mass. 250,
256. The judge's instruction to the jury that no special
damage had been proved by the plaintiff in connection with
these counts was not excepted to by the plaintiff. Since
the words in question are not actionable *per se* and no
special damage was alleged or proved, the judge should

have allowed the defendant Lyons's motions for directed verdicts on the third and fifth counts.

The next exception relates to the exclusion of certain evidence offered by the defendants to sustain their pleas of truth of the charges set out in the second and fourth counts of the declaration in the action for slander, and in the declaration in the action for libel.

The material words complained of in count 2 of the declaration in the action for slander are as follows: "You [referring to the plaintiff] have made your campaign slogan 'Honesty in Government.' You demand that I meet you on this issue. I'll do it. I've never dodged an issue in my life, nor have I refused to accept a challenge that has been hurled at me. Honesty! Honor! Decency! How can you mouth these words when you know that your record stands as living testimony to the contrary. You can never destroy the records of the District Court of Middlesex County which contain the following: *Commonwealth* vs. *John D. Lynch*, Third District Court of Eastern Middlesex — Docket No. 1085, Violation of liquor laws — Found Guilty. . . . Mr. Lynch, you know that Docket No. 1085 involves the sale of liquor to a minor. . . . These dockets, my friends, are a matter of public record, open to public inspection." These statements were made by Lyons during his speech over the radio on October 30, 1935, and are repeated in the circular published under the authority of the defendant Mahoney as set forth in the declaration in the action against him for libel.

In count 4 of the declaration in the action against Lyons for slander the following words are set forth as having been spoken by him over the radio on November 1, 1935: "Deny the truth of Docket No. 1085, Third District Court of Eastern Middlesex, *Commonwealth* vs. *John D. Lynch*, Violation of liquor laws — Found Guilty. . . . Deny further that one of these dockets deals with the sale of intoxicating liquor to a minor. . . . Sir, you know you can never deny the veracity of these convictions. They stand indelibly inscribed in the records of the courts of our Commonwealth. Because you could not deny them you used

every possible means to prevent their publication. Just this morning you went from newspaper office to newspaper office, pleading with the editors, not to publish the record placed before the people of Cambridge by myself." In each of the counts just referred to the innuendo is the same: "meaning and intending thereby to convey that the plaintiff had been finally convicted and punished for the crime of illegal sale of intoxicating liquor, one of said sales being to a minor."

A copy of the record in the case referred to as Docket No. 1085, which was introduced in evidence by the defendants, discloses that a complaint was brought against the plaintiff in the District Court on April 21, 1917, for failure to keep a liquor book at all times open for the inspection of police officers as required by R. L. c. 100, § 26; that the plaintiff pleaded not guilty, was found guilty, and was sentenced to pay a fine of $75; and that he appealed to the Superior Court, where, on June 12, 1918, his motion to place the case on file was allowed, and he was allowed to plead "nolo contendere."

The defendants sought to show by the testimony of the plaintiff and of certain police officers, as the circumstances leading up to the complaint referred to as Docket No. 1085, that the police officers, upon information received by them that the plaintiff had sold liquor to a minor, went to the plaintiff's store to look at his liquor book, and, as it was unavailable, brought the complaint in question. The defendants also sought to introduce statements of the police officers as to their testimony at the trial of the complaint, and evidence as to what one of the police officers told Lyons about that case. All this evidence was excluded subject to the defendants' exceptions.

Where the defendant in an action for libel or slander seeks to justify his language by proof of its truth, the proof thereof must meet the charge made by him against the plaintiff. *Brickett* v. *Davis*, 21 Pick. 404, 406. *Chapman* v. *Ordway*, 5 Allen, 593, 594. The facts proved in justification must be coextensive with the charge. *Clark* v. *Brown*, 116 Mass. 504, 507. *Rutherford* v. *Paddock*, 180 Mass. 289,

291.  *Monaghan* v. *Globe Newspaper Co.* 190 Mass. 394, 399.

We think that the words spoken by the defendant Lyons are fairly susceptible of the meaning that the plaintiff had committed the crime of selling liquor to a minor, and that they would be so interpreted by reasonable men.  *Morgan* v. *Republican Publishing Co.* 249 Mass. 388, 390.  *Friedman* v. *Connors,* 292 Mass. 371, 374.  Imputing to the plaintiff as they do the commission of the crime of selling liquor to a minor, the spoken words are actionable *per se* in the case against Lyons.  *A fortiori* the written words to the same effect are actionable in the case against Mahoney under the somewhat broader rule applicable to libel.  *Friedman* v. *Connors,* 292 Mass. 371, 375.  If offered for any purpose bearing upon the truth of a charge of selling liquor to a minor, the excluded evidence was pure hearsay.  If offered for the limited purpose of showing, as stated in the innuendos, that the conviction involved a sale of liquor to a minor, the record of the conviction must speak for itself, must be construed by the judge, and cannot be explained or enlarged by parol evidence.  *Sayles* v. *Briggs,* 4 Met. 421, 423.  *Kendall* v. *Powers,* 4 Met. 553, 555.  *Knott* v. *Sargent,* 125 Mass. 95, 98.  *Mitchell* v. *Thomas,* 195 Mass. 354, 356.

The remaining exception argued by the defendants is to a portion of the judge's charge to the jury wherein he instructed them in substance that they could "not consider whether one of the cases [that is complaints for violations of liquor laws] involved a minor or not"; that they could not read into the record of a case anything that was not there; that the complaints were before them; that it was for them to determine whether there was any statutory charge against the plaintiff of selling liquor to a minor; and that the record could be changed only in the court in which it was entered.  We think these instructions were sufficiently favorable to the defendants.

In the case against Lyons the defendant's exceptions to the denial of his motions for directed verdicts on the third and fifth counts of the plaintiff's declaration are sustained.  His exceptions are overruled as to the second and fourth counts.

In the case against Mahoney, the only issues argued in his behalf bearing on his exceptions concern the exclusion of evidence and the portion of the judge's charge, which we have just considered. It follows that Mahoney's exceptions must be overruled.

*So ordered.*