CHARLES L. SHEEHAN *vs.* DANIEL J. TOBIN
(and a companion case[1]).

Middlesex.    April 4, 1950. — June 30, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Libel and Slander.    Labor and Labor Union.    Practice, Civil,* Question of
   law or fact, Charge to jury.  *Evidence,* Presumptions and burden of
   proof, Relevancy and materiality, Of motive, Of custom, Best evidence.

Discussion by COUNIHAN, J., of the defence of a conditionally privileged
   occasion in libel and slander cases, and of the distinction between that
   defence and the defence of privileged comment or criticism.

There was as matter of law a conditionally privileged occasion for the
   publication in a monthly magazine of a labor union of alleged de-
   famatory statements concerning a member thereof by one who was
   the general president of the union and also editor of the magazine,
   where it appeared that the magazine was the method whereby the
   membership of the union was informed of the doings of its general
   executive board and that the statements in question were part of an
   article, relating to charges preferred against such member, included
   in a report to the membership of the proceedings at a meeting of the
   general executive board at which the charges were considered and
   decided.

In an action for libel, the question whether there was a conditionally
   privileged occasion for the publication of the alleged defamatory
   statement on which the plaintiff's claim was based was one of law
   for the trial judge where the facts surrounding the publication were
   not in dispute.

Upon its being established in an action for libel that there was a con-
   ditionally privileged occasion for the publication of the alleged de-
   famatory statement upon which the plaintiff's claim was based, the
   burden was on the plaintiff to prove that the privilege was abused by
   the defendant.

In an action for libel brought by a member of a labor union against one
   who was general president thereof and also editor of its monthly
   magazine and based on an article published by the defendant in the
   magazine concerning charges preferred against the plaintiff for an
   assault upon a business agent of the union, where it appeared that
   there was a conditionally privileged occasion for the publication in

---

[1] The companion case is by Joseph M. D'Ambrosio against the same
defendant.

that the article was part of a report informing the membership of the union of the doings of its general executive board at a meeting at which, among other things, such charges were considered and decided, a finding that the defendant abused the privilege and lost the benefit thereof was warranted by the presence in the article of statements that the "charges against . . . [the plaintiff] were based on the fact that . . . [he] . . . brutally assaulted" the business agent, "a man old enough to be . . . [his] father," and by evidence showing that, whether or not the characterization of the assault as brutal was justifiable, in fact the business agent was only forty-seven years old and the plaintiff over thirty and that the defendant had no personal knowledge nor information on which he could have reasonably predicated a belief that their relative ages were as stated in the article.

In an action for libel involving the issue whether the defendant had abused a conditionally privileged occasion for the publication of an article concerning certain charges preferred against the plaintiff for assault, it was error to charge the jury on that issue that if they found the plaintiff was "accused of a crime," they might "take that into consideration as actual malice with all the evidence . . . to decide whether there was malevolence, ill will or hatred," and that "False statements of fact are not privileged as comment."

It was error to give a jury an instruction which, although correct as an abstract statement of law, could only mislead the jury as applied to the facts in the case.

In an action for libel based on publication in a monthly magazine of a labor union of alleged defamatory statements contained in a report to the membership of the union of the doings of its general executive board, evidence offered by the defendant, the editor of the magazine, to show a long established custom of the board to publish such reports in the magazine was relevant and material on the question of the defendant's motive and on the issue whether he had the protection of a conditionally privileged occasion for the publication.

Testimony that there was a long established custom of publishing certain reports in a monthly magazine of a labor union was not to be excluded on the ground that "the best evidence of such a custom" would have been "the publications themselves" during the period of the alleged custom.

TWO ACTIONS OF TORT. Writs in the Superior Court dated May 4, 1946.

The actions were tried before *Giles,* J.

*F. P. Garland,* for the defendant.

*A. Brogna,* (*P. E. Troy* with him,) for the plaintiffs.

COUNIHAN, J. These are actions of tort for libel arising out of an article in "The International Teamster," the official magazine of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of

America, a labor union, hereinafter referred to as the Brotherhood, of which the defendant was the general president and of whose magazine he was the editor. The plaintiffs were members of Local 25, a subordinate union of the Brotherhood. They complain of this article which was published in the magazine for March, 1946, part of which we quote: "In the case of Charles L. Sheehan and Joseph M. D'Ambrosio, charges had been preferred against these two men by certain officers of the local union, and counter charges filed by Sheehan against all of the officers of the local union. *The charges against these two men were based on the fact that they entered the office of Local No. 25 and brutally assaulted one of the business agents, Francis J. Halloran, a man old enough to be their father. They in turn preferred charges against the officers of the local*" (emphasis supplied). They allege that the words in italics were libellous as to them. The defendant's answers set up truth, want of malice, and privilege. The publication of the article and the responsibility of the defendant for it were admitted.

The actions were tried to a jury who returned a verdict for the plaintiff in each case. The actions are here on similar exceptions of the defendant in each case: (1) to the denial of the defendant's motion for a directed verdict; (2) to the denial of the defendant's motion to enter verdict for the defendant under leave reserved; (3) to the exclusion of certain evidence offered by the defendant; (4) to the denial of a request for instruction by the defendant; and (5) to the charge of the judge to the jury.

The words complained of were in a report to the members of the minutes of a meeting of the general executive board of the Brotherhood, hereinafter referred to as the board, held in Florida from January 28, 1946, to February 7, 1946. The entire report covered sixteen columns on eight pages of the magazine, which was published monthly under the direction of the general president in accordance with the constitution of the Brotherhood. There was evidence that there was no other method by which the membership was informed of the proceedings of the board.

The material events leading up to this publication were as follows: The plaintiffs were both members in good standing of Local 25 on October 17, 1945. On that day the plaintiff Sheehan filed a written complaint to Local 25 against its officers, including one Francis J. Halloran, one of its business agents. On the morning of October 18, 1945, both plaintiffs visited the office of Local 25 in Boston and an altercation there took place between the plaintiffs and Halloran during which blows were struck and Halloran received injuries for which he was treated at the Boston City Hospital and on account of which he was confined to bed at his home for several days. On October 19, 1945, Halloran and one O'Donnell, an officer of Local 25, filed written charges against both plaintiffs particularly on account of the alleged assault by them on Halloran. The defendant as general president of the Brotherhood took personal jurisdiction of these charges as he had a right to do under the constitution of the Brotherhood. He duly appointed a hearing officer who held a hearing in Boston at which Halloran and others testified. Each plaintiff made a statement and was examined by the hearing officer. A stenographer was present at this hearing and a transcript of what took place was sent to the defendant by the hearing officer together with his report. On December 24, 1945, the defendant, after an examination of the material evidence in the transcript and consideration of the written report of the hearing officer, made a decision adverse to the plaintiffs and imposed a penalty on them. Both plaintiffs thereupon duly appealed to the board and a hearing was held before it at which the plaintiffs appeared and were heard. A summary of what happened at this hearing appears in the record, together with the decision of the board, which unanimously denied the appeals of the plaintiffs, and with slight modification as to the penalties affirmed the decision of the general president. It appears from this summary that, although the defendant gave his reasons for his decision to the board, he was not present and took no part in the executive session at which the board arrived at its decision.

On February 23, 1946, the plaintiffs duly appealed to the general convention of the Brotherhood. These appeals were received and acknowledged by the Brotherhood on February 26, 1946. Before any such convention was held, the magazine with the alleged words was published. There was no evidence that the defendant had knowledge of the appeals when the magazine went to press on or about February 20, 1946.

On the defence of truth pleaded by the defendant there was conflicting evidence at the trial. The defendant testified by deposition that he based his original decision on the transcript of the evidence before the hearing officer in which there was ample evidence to justify the belief he had that the assault on Halloran was a brutal one. He further testified that he had never seen either of the plaintiffs prior to the hearing before the board and bore neither of them any personal enmity. There was evidence at the trial that Halloran was forty-seven years old, Sheehan was thirty-one years old, and D'Ambrosio was thirty-four years old when the altercation took place. The defendant testified that when he wrote the article complained of, he believed Halloran was between fifty and fifty-five years old and old enough to be the father of both plaintiffs.

We first consider the defendant's exceptions to the denial of directed verdicts for him and to the denial of entry of verdicts for him under leave reserved.

At the outset we believe that attention ought to be directed to the difference in the principles of law applicable to what is generally termed privileged comment or criticism and that which is termed a conditional or qualified privilege which arises from the circumstances or the occasion on which alleged defamatory statements are made. The question of what is privileged comment or criticism frequently arises out of publication of words alleged to be libellous in reports in newspapers of actions of public officials. Fair comment in the absence of actual malice is a good defence but false statements of fact are not privileged as comment whether accompanied by actual malice or not. *Bander* v. *Metropoli-*

*tan Life Ins. Co.* 313 Mass. 337, 345. This principle is well illustrated by what was said in *Burt* v. *Advertiser Newspaper Co.* 154 Mass. 238, 242: ". . . what is privileged . . . is criticism, not statement, and however it might be if a person merely quoted or referred to a statement as made by others, and gave it no new sanction, if he takes upon himself in his own person to allege facts otherwise libellous, he will not be privileged if those facts are not true."

But different considerations arise in dealing with alleged defamatory statements made under what is called a privileged occasion or a conditional or qualified privilege. In these circumstances the truth or falsehood of such statements is not material if there is no abuse of the privilege or, as has been repeatedly said, if no actual malice is shown. "The occasions described . . . are conditionally privileged, that is, the protection which they give is conditioned upon the manner in which the privilege is exercised. The unreasonable exercise of the privilege is an abuse of the occasion which defeats the protection otherwise afforded." Restatement: Torts, § 599, comment a. *Doane* v. *Grew,* 220 Mass. 171, 176. *Childs* v. *Erhard,* 226 Mass. 454, 457.

This principle of immunity arising out of the occasion under which alleged defamatory statements are made has been recognized for many years in our Commonwealth. *Gassett* v. *Gilbert,* 6 Gray, 94, 97. *Barrows* v. *Bell,* 7 Gray, 301. *Brow* v. *Hathaway,* 13 Allen, 239, 242. *Atwill* v. *Mackintosh,* 120 Mass. 177.

This defence of conditional or qualified privilege is applied usually in cases where information is sought from an employer as to the qualifications or character of a former employee. Statements made to one contemplating the employment of the person inquired about, in the absence of abuse of the privilege, are protected. *Doane* v. *Grew,* 220 Mass. 171, 176. *Childs* v. *Erhard,* 226 Mass. 454.

It is now a generally recognized doctrine that the occasion is privileged "where the publisher and the recipient have a common interest, and the communication is of a

kind reasonably calculated to protect or further it." And
this privilege has been extended to labor unions. Prosser
on Torts, pages 837, 838. Restatement: Torts, § 596,
comment d. *Emde* v. *San Joaquin County Central Labor
Council*, 23 Cal. (2d) 146, 154.

No case in Massachusetts has been brought to our at-
tention, and we have discovered none, in which a condi-
tional or qualified privilege was established by the occasion
of disseminating information of general common interest to
the members of a labor union by its officers through the
medium of the official journal of the union.

It is clearly understandable, however, that the members
of a labor union are interested in the doings of their officers
and committees and have a right to such information. It
was the duty of the defendant to furnish them with that
information in the only way provided by the Brotherhood,
by the publication of it in the official magazine which was
sent to all members.

In other jurisdictions such communications have been
held to be privileged. We cite but a few. *Bereman* v.
*Power Publishing Co.* 93 Colo. 581. *Emde* v. *San Joaquin
County Central Labor Council*, 23 Cal. (2d) 146, 154. *Wise*
v. *Brotherhood of Locomotive Firemen & Enginemen*, 252
Fed. 961. *Dickins* v. *International Brotherhood of Team-
sters, Chauffeurs, Warehousemen & Helpers*, 171 Fed. (2d)
21. See 92 A. L. R. 1029. Applying these principles to the
publication here in question, we are of opinion that the
defendant enjoyed a conditional or qualified privilege to
report the minutes of the meeting of the board as he did.

The existence of the facts surrounding the publication was
not in dispute and it was the duty of the judge to determine
whether or not the defendant had the benefit of such a
privilege. *Bander* v. *Metropolitan Life Ins. Co.* 313 Mass.
337, 343, and cases cited. Prosser on Torts, page 851. Re-
statement: Torts, § 619, comment a. When the judge de-
cided that the occasion of the publication here was a priv-
ileged one, as we think he should have done, he should have
next considered the sufficiency of the evidence most favor-

able to the plaintiffs as it related to the abuse of the privilege or the exercise of actual malice by the defendant, for the burden was on the plaintiffs to prove these contentions. *Doane* v. *Grew*, 220 Mass. 171. *Childs* v. *Erhard*, 226 Mass. 454. Restatement: Torts, § 619, comment b.

The lawful excuse afforded by the privileged occasion may be lost "because of the publisher's lack of belief or reasonable grounds for belief in the truth of the defamatory matter . . .; because the defamatory matter is published for some purpose other than that for which the particular privilege is given . . .; because the publication is made to some person not reasonably believed to be necessary for the accomplishment of the purpose of the particular privilege . . .; or because the publication includes defamatory matter not reasonably believed to be necessary to accomplish the purpose for which the occasion is privileged." Restatement: Torts, § 599, comment a.

The rule long established by this court is "that an occasion which would justify such a communication may be abused in such a manner as to deprive the party making it of the excuse of privilege. Upon this question, the plaintiff would have a right to go to the jury . . .. The jury may draw the inference of malice, not only from extrinsic facts, — as, for instance, from proof that the defendant knew the charges to be false, or had no reason to believe them to be true, — but also from the terms in which the communication is made. If those terms are in manifest excess of the occasion . . . if they contain strictures on motives and conduct not warranted by the facts . . . [it] should have been submitted to them [the jury] to decide whether it was an honest report, made in good faith, justified by the information which the defendant had obtained . . . or whether, on the other hand, it was made with a purpose wrongfully to defame the plaintiff." *Atwill* v. *Mackintosh*, 120 Mass. 177, 183.

Mindful of these principles we must examine the evidence set out in the bill of exceptions, in the light most favorable to the plaintiffs, to ascertain whether the plaintiffs offered

any evidence to sustain the burden imposed upon them of proving that the defendant abused the conditional or qualified privilege he enjoyed in the publication of the alleged defamatory matter.

The plaintiffs rightly argue that the terms in which the communication was made have a bearing upon the question of abuse of privilege. They rely particularly upon the words: "The charges against these two men were based on the fact that they entered the office of Local No. 25 and brutally assaulted one of the business agents, Francis J. Halloran, a man old enough to be their father. They in turn preferred charges against the officers of the local." The plaintiffs complain most bitterly of the words "they . . . brutally assaulted . . . Francis J. Halloran, a man old enough to be their father," and argue that this language imports malice and an abuse of privilege.

In order to determine whether there was any abuse of the privilege the defendant undoubtedly enjoyed, it becomes necessary to consider how far this privilege extended. We doubt if it extended more than was necessary to give the members of the Brotherhood purely factual information as to the disposition by the officers of the Brotherhood of the charges made against the plaintiffs and of the charges the plaintiffs made against the officers of Local 25. This could have been done without characterizing the assault as brutal. It is unnecessary to determine, however, whether this description of the assault without more would have been sufficient to take the case to the jury. It may be that the testimony of Halloran before the hearing officer relative to the manner and consequences of the assault was sufficient to warrant a belief that it was a brutal one. But this description of the assault must be coupled with the statement that Halloran was "a man old enough to be their father."

There was nothing in the record of the proceedings of the tribunal of the Brotherhood which the defendant purported to report to warrant this statement. The record of the proceedings before the tribunal and the record at the trial

disclose that the defendant had no personal knowledge of the ages of the parties when the article was published and that he possessed no information upon which he could reasonably predicate a belief as to their ages. At the trial it appeared that Halloran was forty-seven years old, D'Ambrosio was thirty-four years old, and Sheehan was thirty-one years old when the alleged assault took place. While it is literally true that Halloran may have been old enough to have been the father of Sheehan, it is extremely doubtful if such would be the case as to D'Ambrosio. Ordinarily boys are not fathers at the age of thirteen or even sixteen.

Taken together, these words present a picture of two vigorous young men walking in on and viciously beating a middle aged or elderly man too old to defend himself. The picture brought to the mind of a reader was not a favorable one to say the least and may have cast a noxious reflection on the character and reputation of the plaintiffs. We are of opinion that whether the defendant lost the benefit of the privilege by the use of the words complained of presented a question to be passed on by the jury.

The jury could well take the view that the use of this language considered as a whole constituted defamatory matter not reasonably necessary to accomplish the purpose of the occasion. The jury too could well find that the terms of the publication were in manifest excess of the occasion and contained strictures upon the conduct of the plaintiffs not warranted by facts in the possession of the defendant when he published the article. There was no error in the denial of the motions to which the defendant took exceptions.

We believe, however, that there was error in the refusal of the judge to give the requested instruction 27, "The occasion of the publication declared on was a privileged occasion." As we have already pointed out, where it appears, as here, that the facts out of which the occasion arose were not in dispute, it was the duty of the judge to determine, as matter of law, the question whether or not the occasion was a privileged one. The judge should have decided that the occasion was privileged, because of what

we have said herein, and he should have given the instruction requested by the defendant. Failure to do so constituted material error because of which a new trial must be ordered.

Because the subjects of the other exceptions of the defendant may arise at another trial we think we ought to discuss them here.

We believe that the judge erred in two statements in his charge to the jury. "If you find these men were accused of a crime, you may take that into consideration as actual malice with all the evidence in the case to decide whether there was malevolence, ill will or hatred." We are of opinion that if the defendant enjoyed a conditional or qualified privilege it matters not if the words were true or false or even if they charged a crime. Furthermore, the sole test is not whether there was malevolence, ill will or hatred but whether there was an abuse of the privilege in the light of what we have already said. In the charge the judge also said, "False statements of fact are not privileged as comment." This is correct as an abstract statement of law and apparently was quoted verbatim from *Bander* v. *Metropolitan Life Ins. Co.* 313 Mass. 337, 345. Its application, however, to the facts in the instant cases could only mislead the jury, for here we are dealing not with privileged criticism or comment but rather, as we have emphasized, with conditional or qualified privilege arising out of the occasion of the publication. The principles of law governing these two situations are essentially different.

The remaining exceptions of the defendant are to the exclusion of certain questions and answers in the deposition of the defendant, offered to show the nature of the publication and the consequent protection of a conditional privilege. The questions related to the custom of publishing in the magazine the reports of the meetings of the board, the length of time such custom was in use, and by whom the custom was established. We believe it was error to exclude these questions and answers for they seem to bear directly on the motive of the defendant. If he adopted, as he tried

to show, a practice established by the board which had been in existence forty years, it should have been considered in determining the enjoyment of a conditional privilege by the defendant when he authorized the publication. The evidence was relevant and material and should have been admitted.

The plaintiffs argue that this evidence was properly excluded on the basis of the "best evidence" rule,[1] but we believe that doctrine has no application in these circumstances. See *Commonwealth* v. *Stevens*, 155 Mass. 291, 292. See also *Forster Manuf. Co.* v. *Cutter-Tower Co.* 215 Mass. 136.

The defendant's exceptions to the denial of his motions are overruled. The other exceptions are sustained.

*So ordered.*