**Paul L. SRIBERG et al., Plaintiffs, Appellants,**

v.

**James J. RAYMOND et al., Defendants, Appellees.**

No. 76–1315.

United States Court of Appeals, First Circuit.

Argued Oct. 5, 1976.

Decided Nov. 8, 1976.

Robert S. Wolfe, Boston, Mass., with whom Sriberg, Berman & Wolfe, Boston Mass., was on brief, for appellants.

Robert G. Stewart, Boston, Mass., with whom Thomas R. Paxman and Hutchins & Wheeler, Boston, Mass., were on brief, for appellees.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

ALDRICH, Senior Circuit Judge.

The defendant, an attorney, and in that capacity, wrote a letter which plaintiff alleges to have been libelous, protesting plaintiff's decision, in his capacity of president of the purchasing corporation, to breach its agreement to purchase the stock of a corporation represented by defendant.* A copy of the letter was sent to plaintiff's bank, which was serving as an escrow agent for earnest money for the acquisition. Finding that the Massachusetts cases did not sufficiently decide the issue of privilege raised by defendant, the district court certified the question to the Massachusetts Supreme Judicial Court. In a careful opinion, that court replied that there is an absolute privilege, provided that the attorney's communication to a prospective defendant "relates to" a proceeding under serious contemplation. *Sriberg v. Raymond,* 345 N.E.2d 882, Mass.Adv.Sh. (1976) 961. Defendant then moved for summary judgment. The motion was granted, and plaintiff appeals.

On this appeal plaintiff claims there were genuine issues of fact as to the required conditions. With respect to good faith contemplation of suit, the claim is frivolous. So, too, is the attempt to distinguish between plaintiff and the attacked corporation of which he is president. A corporation acts only through its agents, and the charge concerned plaintiff's allegedly improper actions in the course of his employment. Plaintiff's distinction would make the privilege meaningless.

We do not think the claim altogether frivolous, however, with respect to the sending of a copy of the letter to the escrow agent. The privilege attaches to a communication, made to a proposed defendant, with relation to a proposed suit. It is true that the escrow agent would be named as a defendant in the suit. However, it would only be a stakeholder. Plaintiff's contention is that the substance of the letter, as distinguished from mere notification that

suit was intended, bore no relation to a claim against the escrow, so that sending it to the escrow was evidence of malice. We would put it differently, because malice is normally spoken of as destroying a privilege—notably a conditional privilege, which this one is not. Rather, plaintiff's point should be that publishing to the escrow was not within the privilege.

The public interest in the untrammeled flow of communication in connection with judicial proceedings requires freedom from inquiry into the propriety of, as well as freedom from civil liability for, such utterances. *See* Restatement (Second) of Torts, Introductory Note, at 160 (Tent. Draft No. 20, 1974). This has long been the Massachusetts law. *See, e. g., Hoar v. Wood,* 1841, 3 Met. (44 Mass.) 193, 194; *Mezullo v. Maletz,* 1954, 331 Mass. 233, 236–37, 118 N.E.2d 356. However, in a case where the proceeding has not even been instituted, there would seem less reason for giving the privilege a broad scope. *See Brown v. Collins,* 1968, 131 U.S.App.D.C. 68, 402 F.2d 209, 213. The requirement that the communication be limited to a proposed defendant suggests that it must have some intended purpose of affecting the defendant's conduct, or, at least, of acquainting him with a matter in which he has an interest. *See, e. g., Theiss v. Scherer,* 6 Cir., 1968, 396 F.2d 646, 648. Indeed, the whole concept of privilege as a defense in the law of libel is that the communication is to parties having some legally recognizable interest, "where the publisher and the recipient have a common interest, and the communication is of a kind reasonably calculated to protect or further it." *See Sheehan v. Tobin,* 1950, 326 Mass. 185, at 190–91, 93 N.E.2d 524, at 528, quoting Prosser on Torts, p. 837. Similarly, in *Galvin v. New York, N. H. & H. RR.,* 1960, 341 Mass. 293, at 297, 168 N.E.2d 262 at 266, the court said, quoting Harper & James, Torts, at p. 455, "Thus, if an occasion is privileged as to communications between certain parties, the privilege is lost if

---

* For the purposes of this opinion, we disregard the fact that the corporations, also, appear as plaintiff and defendant herein.

the communication is made in such a manner as to unnecessarily and unreasonably publish it to others, as to whom the occasion is not privileged." It is true that in both of these instances the court was speaking of conditional privilege, but that is not the point. We are concerned here, as there, with whether the privilege attached at all, not with what was its extent.

On this basis, we believe that, under ordinary circumstances, a strong argument could be made that a mere stakeholder having no interest whatever in the outcome would not be a party defendant within the meaning of this privilege, even though, for judgment security reasons, he is, or is to be, included in the suit. However, it would be unduly restrictive to apply such a limitation in the case at bar. Although, in reality, the escrow agent may have been no more than a neutral stakeholder, the nature of the privilege requires that we examine the relationship between the libel and the contemplated suit from the viewpoint of the attorney. The letter here suggests that the escrow agent, if not in complicity with the plaintiff, had at least been "manipulated," as part of a scheme by the plaintiff. We note, too, that punitive damages were sought in the suit subsequently filed against the escrow agent for breach of fiduciary duties. Thus defendant may have thought that by sending a copy of the letter to the escrow agent and thereby calling to its attention the alleged scheme by plaintiff against his client, the agent would be induced to withdraw its participation therefrom and turn over to the client the funds held as earnest money. So viewed, the escrow agent was, on any basis, a defendant sufficiently related to the suit under contemplation to be included as an addressee of the communication.

*Affirmed.*

