Cowin, J.
Plaintiff has brought this suit based on allegations of sexual harassment that occurred between April and June 1993 when she was working for the defendant as his office manager. The matter is now before the Court on the defendant’s motion to dismiss. This Court has considered the argument under the now-familiar standards governing a motion to dismiss. Eyed v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991).
Count I asserts that certain actions allegedly committed by the defendant constitute sexual harassment in violation of G.L.c. 151B. By its terms said chapter does not apply to any employer who employs fewer than six persons. Thus this Court has no authority over any employer with fewer than six persons in its employ. The burden is on the plaintiff to establish that the tribunal can grant the requested relief. Plaintiff has not sustained this burden.
In addition, at oral argument, the parties agreed that defendant may provide an affidavit setting forth the number of employees in his office. Plaintiff has agreed to be governed by the factual assertions in the affidavit. Accordingly, the Court is treating so much of the motion to dismiss as concerns Count I as a motion for summary judgment. See Mass.R.Civ.P. 56. The affidavit filed by defendant provides that the defendant has employed no more than four people at all times since 1984. Summary judgment is thus granted for the defendant on Count I.
Count II claims that certain alleged actions of the defendant constitute sexual harassment in violation of G.L.c. 93, §102. This statute provides that all persons in the Commonwealth shall enjoy the same rights as white male citizens with regard to certain categories. These categories concern such matters as contract transactions, inheritances, purchases of property and litigation. The statute does not address anything concerned with issues of sexual harassment. Plaintiff refers the Court to no authority indicating that this statute was intended to encompass sexual harassment or that there is any connection between the defendant’s acts and the purpose of the statute. Further, the complaint does not allege that plaintiff was denied the same rights as a white male. The motion to dismiss is allowed as to Count II.
Count III maintains that the defendant’s actions violated G.L.c. 12, §§11H and 111.[1] Defendant argues that the complaint fails to allege any actions that constitute threats, intimidation or coercion that would interfere with any specified legal or constitutional right. Paragraph 13 of the complaint, however, states that defendant began to threaten plaintiffs job security after plaintiff rebuffed his sexual advances. “Sexual harassment accomplished by threats, intimidation or coercion constitutes precisely the kind of conduct proscribed by the [civil rights] act . . .” O’Connell v. Chasdi, 400 Mass. 686, 694 (1987). A claim is made out under the civil rights statute. This Count is not to be dismissed.
Count IV alleges that the defendant violated G.L.c. 214, §1C. Said section provides that a person has the right to be free from sexual harassment, as defined in Chapters 151B and 151C. Plaintiff has agreed to the dismissal of this Count.
*236 Counts V and VI allege claims of battery and intentional infliction of emotional distress. G.L.c. 152, the Workers’ Compensation Act, is the exclusive remedy for injuries arising in the course of employment, unless the employee gives written notice of preservation of such rights at common law. Anzalone v. Mass. Bay Transportation Authority, 303 Mass. 119, 124 (1988). However, an action against a co-employee[2] for intentional torts that are unrelated to the interests of the employer is not barred by the Workers’ Compensation Act. O’Connell v. Chasdi, supra at 689-91 (1987). It appears from the complaint that the alleged wrongdoing was unrelated to the business interests of the employer. Accordingly, the motion to dismiss is denied as to Counts V and VI.
Plaintiff agreed at oral argument that Count VII •would be withdrawn Count VII is therefore dismissed.
ORDER
For the foregoing reasons, summary judgment shall enter on Count I for the defendant; the motion to dismiss is ALLOWED as to Counts II, IV, and VII; and the motion to dismiss is DENIED as to Counts III, V and VI. Count VII has been withdrawn.

Count III of the complaint actually refers to “M.G.L. Chapter 93 sections 11H and 1II.” The reference is obviously to Chapter 12.

The fact that in this case the defendant is an employer rather than a co-employee is not of significance.