Grabau, J.
Plaintiff, defendant-in-counterclaim, Sarah Johnson (Johnson) brought this action against defendant, plaintiff-in-counterclaim, Christopher Queenan (Queenan) for assault and battery after defendant allegedly raped her at a party that both attended on November 29, 1996. In response, Queenan filed a counterclaim against Johnson alleging defamation and abuse of process. Johnson now moves for summary judgment on both counterclaims. For the reasons set forth below, Johnson’s motion for summary judgment is ALLOWED.
BACKGROUND
The undisputed material facts as established by the summary judgment record are as follows.[1] Johnson alleges that Queenan raped and assaulted her in a bedroom at a private party that both Johnson and Queenan attended on November 29,1996 in Westford, Massachusetts. Johnson acknowledges being in the bedroom and kissing Queenan. Johnson, however, contends that although she repeatedly told Queenan that she did not want to have intercourse, he held her down on the bed and raped her. Queenan denies raping Johnson, but acknowledges that Johnson was crying when he left the bedroom.
Upon leaving the bedroom, Johnson located her friend Ryan Dadmun (Dadmun) who was also at the party and told him that Queenan had just raped her. *462 Johnson asked Dadmun to drive her home. She did not report the rape to anyone else that evening.
The next morning, Johnson telephoned Dadmun and asked him to help her make arrangements to see a doctor. After several telephone calls to various health care providers, Johnson realized that her only treatment option was the emergency room. Reluctant to go to the emergency room, Johnson asked Dadmun to bring her to her friend, Staci Scolovino’s (Scolovino) home. After Johnson explained to Scolovino that Queenan raped her, Scolovino brought her to the Emerson Hospital emergency room. Johnson was not treated immediately and left the emergency room with Scolovino because the rape specialist at the emergency room was not on duty and Johnson was scheduled to work later that afternoon.
Later that evening, Dadmun again drove Johnson to Emerson Hospital’s emergency room. Dr. Ingrid Balcolm and Nurse Heidi Crim (Nurse Crim) examined and treated Johnson in accordance with Massachusetts sexual assault protocol. Pursuant to G.L.c. 112 §12V2, Nurse Crim reported the alleged incident to the Westford Police Department, however, at Johnson’s request Nurse Crim did not provide the police with Johnson’s name. Nurse Crim encouraged Johnson to discuss the incident with her parents or a close family friend.
Based on Nurse Crim’s report, the Westford Police Department began a criminal investigation of the alleged incident. On December 5, 1996, as part of this investigation, Detective Michael Perron (Detective Perron) met with the Dean of Students, Carla Scuzzarella (Scuzzarella) at Johnson’s school and told her that he needed to speak with Johnson. Scuzzarella arranged to have Johnson meet privately with Detective Perron. During the meeting, Johnson gave Detective Perron her account of the events of November 29, 1996. Detective Perron also encouraged Johnson to talk to her parents and accompanied her home, where Johnson told her mother about the incident involving Queenan.
As a result of the investigation, the Westford Police charged Queenan with rape and assault and battery. While the criminal case was pending in Ayer District Court, the Commonwealth made a presentment to a Middlesex County Grand Jury. Both Johnson and Queenan testified before the Grand Jury. The Grand Jury, however, did not issue an indictment to Queenan.
DISCUSSION
Summary judgment is appropriate where there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles it to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1959). The nonmoving party cannot defeat the motion for summary judgment by simply resting upon the mere allegations or denials of his pleading, “but his response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial.” Correllas v. Viverios, 410 Mass. 314, 317 (1991), quoting Mass.R.Civ.P. 56(e). Courts favor the use of summary judgment in cases in which defamation is alleged. See Mulgrew v. Taunton, 410 Mass. 631, 632 (1991).
Counterclaim I — Defamation
Count I of Queenan’s counterclaim alleges defamation. The basis of his counterclaim is that Johnson made statements about him to the following people: Dadmun; Scolovino; Nurse Crim; Karen Johnson (Johnson’s mother); Scuzzarella; Johnson’s coworker, Leanne; Jeffrey Berube (Berube); Danielle Hickey (Hickey); persons in Ayer District Court; reporter Kathleen Cordeiro (reporter Cordeiro); Detectives Shea and Perron; Assistant District Attorney Edward Bedrosian (ADA Bedrosian); and members of the Middlesex Grand Jury.
The plaintiff bears the initial burden of proving, prima facie elements of a slander claim — "the publication of a false and defamatory statement by spoken words of and concerning the plaintiff." Ellis v. Safety Ins. Co., 41 Mass.App.Ct. 630, 635 (1996), citing Restatement (Second) of Torts §§558 and 568 (1977).
Statement made to Scuzzarella
Queenan alleges that after the Grand Jury failed to indict him, Johnson told Scuzzarella “the bastard got off.” Queenan, however, does not allege that Johnson told Scuzzarella that he raped her. Assuming arguendo that the statement could be considered defamatory, Johnson’s statement is not considered slander per se.[2] Johnson’s statement to Scuzzarella does not impute the commission of a crime to Queenan, injure his business or trade, or impute a disease to him. Thus, Queenan must allege special damages. See Sullivan v. Choquette, 289 F.Sup. 780, 783 (D.Mass. 1968). “When ‘special or peculiar damages are claimed, it is necessary to aver them specifically.’ ” Lynch v. Lyons, 303 Mass. 116, 119 (1939) (citation omitted). Queenan’s allegations — that as a result of Johnson’s statements he was exposed to public contempt and ridicule and has suffered the loss of advantageous business relations with those who heard the slanderous words — describe general, not special, damages. See Lynch, 303 Mass. at 119. Accordingly, Johnson’s statement to Scuzzarella cannot be the basis for a claim for defamation.
Statements made to Leanne, Berube, Hickey, persons in Ayer District Court, Detective Shea and reporter Cordeiro
Queenan alleges that Johnson told Leanne, Berube, Hickey, persons in Ayer District Court, Detective Shea *463 and reporter Cordeiro that Queenan raped her. “In order to be actionable, the statements must have been published, i.e., communicated to at least a single individual other than the person defamed.” Ellis, 41 Mass.App.Ct. at 636. With respect to the statements Johnson allegedly made to Leanne, Queenan testified in his deposition that he did not know her last name, nor did he remember who told him the statement was made.[3] Similarly, Queenan provides no facts establishing that Johnson published any statement to people in Ayer District Court, Berube, Hickey, Detective Shea or reporter Cordeiro.
Statements made to Detective Perron, ADA Bedrosian, and the Middlesex Grand Jury
Johnson asserts that various statements made to Detective Perron, ADA Bedrosian and the Middlesex Grand Jury are privileged under Massachusetts law. Once the plaintiff meets its initial burden, the defendant has the burden to show that a privilege applies. See Jones v. Taibbi, 400 Mass. 786, 802 (1987). “An absolute privilege provides a defendant with complete defense to a defamation suit even if the defamatory statement is uttered maliciously or in bad faith. A qualified or conditional privilege, on the other hand, immunizes a defendant from liability unless he or she acted with actual malice, or unless there is ‘unnecessary, unreasonable or excessive publication,’ and the plaintiff establishes that the defendant published the defamatory information recklessly.” Mulgrew v. Taunton, 410 Mass. 631, 634 (1991) (citations omitted). Johnson contends that her statements to Detective Perron, ADA Bedrosian and the Middlesex Grand Jury fall under an absolute privilege, thus immunizing her from any claim of defamation.
Statements made in the course of judicial proceedings which pertain to the proceeding are absolutely privileged and cannot support a claim of defamation, even if communicated with malice or in bad faith. See Correllas v. Viveiros, 410Mass. 314, 319 (1991) (statements made to investigating police officers and prosecutor during the course of the investigation are privileged); Hahn v. Sargent, 388 F.Sup. 445, 452 (D.Mass. 1975), affd, 523 F.2d 461 (1975), cert. denied, 425 U.S. 904 (1976) (testimony before a grand jury privileged). Therefore, I find that all statements Johnson made to Detective Perron, ADA Bedrosian, and the Middlesex Grand Juiy are protected under an absolute privilege because they pertain to the judicial proceeding and were made in the course of that proceeding. See Correllas, 410 Mass. at 319.
Statements made to Nurse Crim, Dadmun, Scolovino, and Johnson’s mother
Johnson also contends that her statements to Nurse Crim, Dadmun, Scolovino and her mother are conditionally privileged and thus protected against Queenan’s defamation claim. Massachusetts recognizes certain privileges that are conditioned upon the manner in which they are exercised. See Sheehan v. Tobin, 326 Mass. 185, 190 (1950). One type of conditional privilege protects statements “where the publisher and the recipient have a common interest, and the communication is of a kind reasonably calculated to protect or further it.” Sheehan, 326 Mass. at 190-91 (citations omitted). Where there is no dispute about the existence of the facts surrounding the publication, a judge must determine whether or not the privilege applies. Sheehan, 326 Mass. at 191, citing Bander v. Metropolitan Life Ins. Co., 313 Mass. 337, 343 (1943).
Here, after Johnson told Dadmun that she had been raped, he immediately brought her home. The next morning, Dadmun and Scolovino assisted Johnson in seeking medical care. Johnson told Nurse Crim about the alleged rape in order to receive the appropriate medical treatment. Johnson later confided in her mother after both Nurse Crim and Detective Perron encouraged her to do so, presumably to enable her to get proper emotional support. Thus, Johnson’s publication to her two close friends Dadmun and Scolovino, Nurse Crim, and her mother are protected by a qualified privilege because the communications were reasonably calculated to further a common interest, namely Johnson’s physical and emotional well-being.
Once a defendant asserts a claim of privilege, it is plaintiffs burden to prove abuse of the privilege or actual malice. See Sheehan, 326 Mass. at 191-92. In order to defeat a motion for summary judgment where state of mind, such as malice, is a material element, plaintiff must indicate “that he can produce the requisite quantum of evidence to enable him to reach the jury with his claim.” Humphrey v. National Semiconductor Corp., 18 Mass.App.Ct. 132, 134 (1984), rev, denied, 394 Mass. 1102 (1985) (citations omitted). Plaintiff provides no evidence to support a claim that Johnson abused the privilege through unnecessary, unreasonable or excessive publication, nor does he indicate that he can produce any evidence to enable him to reach the jury on the issue of malice. Based on the foregoing, Queenan has failed to provide sufficient evidence for a jury to infer that Johnson, without a privilege to do so, published a false and defamatory statement about Queenan. Thus, Johnson is entitled to summary judgment on Queenan’s defamation counterclaim.
Counterclaim II-Abuse of Process
In order to set forth a claim for abuse of process, plaintiff must establish that “process” was used for an ulterior or illegitimate purpose which resulted in damage. See Cignetti v. Healy, 89 F.Sup.2d 106, 125 (D.Mass. 2000), citing Jones v. Brockton Public Markets, Inc., 369 Mass. 387, 390 (1975). By merely resting on his pleadings, Queenan fails to provide any evidence that would allow a reasonable jury to infer that Johnson was motivated by an ulterior or illegitimate purpose in instituting the lawsuit against Queenan. Johnson is using the judicial process for the exact purpose for which it was designed. That is, *464 litigating the issues of whether Queenan raped her and whether she is entitled to damages as a result. See Jones v. Brockton Public Markets, Inc., 369 Mass. 387, 391 (1975). Thus, Johnson is entitled to summary judgment on the abuse of process counterclaim.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiff, defendant-in-counterclaim, Johnson’s motion for summary judgment be ALLOWED on both of Queenan’s counterclaims.

 Facts contained in the moving party’s statement of undisputed facts are deemed admitted as a result of the non-moving parly’s failure to comply with Superior Court Rule 9A(5).

The classes of slander per se are: imputing to plaintiff the commission of a crime, injuring plaintiff in business or trade, and Imputing a disease of any kind to the plaintiff. See Sullivan v. Choquette, 289 F.Sup. 780, 783 (D.Mass. 1968), see also, Lynch v. Lyons, 303 Mass. 116, 118-19 (1939).

Contrary to Mass.R.Civ.P. 56(e), Queenan did not submit any evidence in his opposition to Johnson’s motion for summary judgment. Johnson provided an excerpt of Queenan’s deposition transcript in support of her motion for summary judgment, which is what I refer to.