Agnes, A.J.
1. Introduction
The plaintiff, Jason A. Sterling, pled guilty on August 20, 2001 to an indictment charging him with the rape of a child that is alleged to have occurred in 2000. The plaintiff was sentenced to a term of 4-5 years to state prison and to community parole supervision for life. See Middlesex Superior Court Criminal Docket No. 102293 (Lowell). He has filed this civil action against the defendant who was the victim in the criminal case, alleging that on multiple occasions during the year 2001 she defamed him by lying about his allegedly criminal and improper behavior. In particular, the plaintiff alleges that the victim’s statements to the police, prosecutors, the grand jury, the court, and unnamed “others” accusing him of rape, unlawful possession of a firearm, sexual promiscuity, and mental defects are false and defamatory. The defendant has filed a motion to dismiss.
2. Standard applicable to motions under Mass. R. Civ. P. 12(b)(6)
Under Massachusetts law and pleading practice, a complaint is sufficient and will withstand a motion to *419 dismiss under Mass.R.Civ.P. 12(b)(6) “unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977) (quotation omitted). “In evaluating a rule 12(b)(6) motion, we take into consideration the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.” Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). While the plaintiffs factual allegations are accepted as true, the court will not consider legal conclusions cast in the form of factual allegations. Id. Moreover, although every reasonable inference favorable to the plaintiff will be accepted, the rule does not permit the plaintiff to rest on “subjective characterizations or conclusoiy descriptions of a general scenario which could be dominated by unpleaded facts.” Id. at 477-78 (quotations omitted).
3. Statements made during and preliminary to a judicial proceeding such as during a police investigation, at or in preparation for a grand jury proceeding, an arraignment, a bail hearing, a hearing on a pretrial motion or during a trial are absolutely privileged. Correllas v. Viveiros, 410 Mass. 314, 319-20 (1991); Hartford v. Hartford, 60 Mass.App.Ct. 446, 451-52 (2004). The defendant has failed to allege that any of the so-called defamatory statements made by the defendant were beyond the scope of this absolute privilege. Even statements made to persons other than law enforcement or court personnel enjoy a status as conditionally privileged when the publisher and maker have a common interest and the communication is calculated to protect it or further it. See Johnson v. Queenan, Middlesex Superior Court No. 974244 (October 18, 2000) (Grabau, J.) (12 Mass. L. Rptr. 461), discussing Sheehan v. Tobin, 326 Mass. 185, 190 (1950).
4. The plaintiffs complaint appears to be nothing more than an effort to relitigate in a civil forum factual issues pertaining to his guilt of a sexual assault to which he previously admitted in an open judicial proceeding after receiving the advice of counsel.
5. For the above reasons, the defendant’s motion to dismiss is ALLOWED.