ELLEN MULVANEY *vs.* CITY OF WORCESTER.

Worcester. September 24, 1935. — December 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Practice, Civil,* Ordering verdict. *Nuisance. Way,* Public: nuisance, defect. *Proximate Cause.*

No error appeared at the trial of an action in the judge's ordering a verdict for the defendant upon the plaintiff's opening to the jury without considering an offer of proof made by the plaintiff after the opening, if no material fact was omitted from the opening and the offer of proof would have done no more than "substantiate" it.

A temporary obstruction caused by a city's parking its steam roller at the side of a public way over Sunday did not constitute a public

nuisance, but at most a defect in the way for which the city would be liable only in the circumstances specified in G. L. (Ter. Ed.) c. 84, § 15

If an unlighted steam roller parked at the side of a public way at night was a defect in the way respecting which the municipality was negligent, there was no causal connection between such negligence and injuries resulting from the collision of an automobile with the steam roller, where the operator of the automobile saw the steam roller seasonably, but skidded into it while trying to avoid a vehicle approaching from the opposite direction.

TORT. Writ dated January 3, 1931.

The action was tried in the Superior Court before *Whiting*, J.

*E. A. Ryan*, for the plaintiff.

*W. D. Allen*, *R. E. Marshall* & *A. M. Hillman*, for the defendant, submitted a brief.

LUMMUS, J. The attorney for the plaintiff opened the case with some fulness, apparently stating all the facts relied on to create a cause of action. The judge, upon the opening, ordered a verdict for the defendant on each count of the declaration, and the plaintiff excepted. Thereupon the plaintiff sought to "support" the opening by an offer of proof, but the judge said, "The court rules upon the opening, and assumes in so ruling that the offer of proof would substantiate the opening." The plaintiff apparently excepted to the refusal of the judge to consider the offer of proof, but did not suggest that the offer of proof would add to the opening. It is customary and proper, before disposing of a case upon the opening, to make sure that the case has been fully stated. But it does not appear from the bill of exceptions that the plaintiff contended that any material fact was omitted, or that the offer of proof would have done more than "support" the opening. The power to direct a verdict upon an opening is well established. *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 482. *First National Bank of Bridgeport* v. *Groves*, 269 Mass. 161, 165. *Meeney* v. *Doyle*, 276 Mass. 218, 221. *Gray* v. *Boston*, 277 Mass. 166, 167. *Williams* v. *Whitinsville Savings Bank*, 283 Mass. 297, 300. *Sandler* v. *Green*, 287 Mass. 404, 406.

The facts stated in the opening were substantially as follows: On a rainy Sunday evening in November, 1930, the

plaintiff was riding in Worcester in an automobile driven by another person. A steam roller was parked on the side of the street. The steam roller had no lights, but the operator of the automobile saw it seasonably, on his right. As he was passing it, a truck coming in the opposite direction caused him to swerve to the right. The automobile skidded and collided with the steam roller, and the plaintiff was hurt. The first count of the declaration alleged in general terms a defect or want of repair in the way, and the second count alleged that the steam roller was a nuisance.

We assume in favor of the plaintiff that the steam roller was the property of the defendant city. For all that appears, it was to be used the next day on the same street, and the only practical course was to leave it on the side of the street over Sunday. The temporary obstruction thereby caused cannot be likened to those obstructions by private persons which have been held to constitute public nuisances. *Commonwealth* v. *Morrison*, 197 Mass. 199. *Warner* v. *Mayor of Taunton*, 253 Mass. 116. *Commonwealth* v. *Surridge*, 265 Mass. 425. *McKenna* v. *Andreassi*, 292 Mass. 213, 216. At most, the steam roller, like an excavation left in the course of unfinished repairs, was a defect in the way for which the defendant city would be liable only in case the "injury or damage might have been prevented . . . by reasonable care and diligence on the part of the . . . city" and such reasonable care and diligence were not exercised. In other words, the liability depended upon negligence, not nuisance. G. L. (Ter. Ed.) c. 84, § 15. *Jones* v. *Collins*, 188 Mass. 53, 55. *Winship* v. *Boston*, 201 Mass. 273, 275. *Stoliker* v. *Boston*, 204 Mass. 522, 537, 538. *O'Neil* v. *Chelsea*, 208 Mass. 307. *Igo* v. *Cambridge*, 208 Mass. 571, 575. *Prentiss* v. *Boston*, 112 Mass. 43. *Myers* v. *Springfield*, 112 Mass. 489. Whether the defendant was negligent in not providing lights or barriers to warn travelers of the defect, is immaterial, for the operator of the automobile had ample and seasonable knowledge of it. No causal relation existed between any negligence of the defendant and the collision. *Pratt* v. *Peabody*, 281 Mass. 437, and cases cited.

*Exceptions overruled.*