CARMELLA A. AMOROSSO, administratrix, *vs.* FARINA BROTHERS COMPANY, INC. (and a companion case[1]).

Worcester. September 21, 1959. — October 30, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Workmen's Compensation Act,* Common employment, Action against third person, Independent contractor. *Practice, Civil,* Opening statement, Ordering verdict.

An action by an employee of a subcontractor on a public building construction project against the general contractor, an insured under the workmen's compensation act, for personal injuries sustained by the plaintiff through negligence of the defendant in the operation of a temporary outside elevator while the plaintiff was using it to transport materials to an upper floor of the building was barred by the doctrine of "common employment" although the subcontractor used the elevator, and paid the general contractor for its use, under an agreement with the general contractor separate from their subcontract.

It was within the discretion of the judge at the trial of an action to direct a verdict for the defendant upon an opening to the jury by the plaintiff which apparently was a careful and complete statement of the plaintiff's case but did not disclose a cause of action.

TWO ACTIONS OF TORT. Writs in the Superior Court dated January 14, 1957, and June 3, 1957, respectively.

The actions were tried before *Kirk, J.,* who directed verdicts for the defendant on the plaintiffs' opening to the jury. The plaintiffs alleged exceptions.

*Stanley B. Milton,* for the plaintiffs.

*Edward F. Hennessey,* for the defendant.

WHITTEMORE, J. The plaintiffs seek recovery for the conscious suffering and death of one employee and injury to

[1] The companion case is Bartolomeo J. Simone *vs.* Farina Brothers Company, Inc.

another employee of Colonial Marble Company (Colonial), a subcontractor of the defendant. In opening, the plaintiffs stated that Colonial had engaged to supply and install terrazzo and marble floors in a building under construction at the Worcester State Hospital for which the defendant was the general contractor. The defendant had constructed on the outside of the building, and maintained and controlled, two temporary hoisting elevators which were used to bring materials from the ground to the several floors. One of the elevators was used by subcontractors. Colonial, after the execution of, and separately from, its subcontract, had agreed to pay the defendant an hourly charge for the use of the elevator. The accident was caused by the negligence of an employee of the defendant, when, on February 15, 1956, the two employees of Colonial, in the scope of their employment, were using the elevator to deliver terrazzo tiles at the eighth floor of the building. Both Colonial and the defendant were insured under the workmen's compensation act and neither employee had reserved common law rights under G. L. c. 152, § 24.

We assume without deciding that, as the plaintiffs in effect contend, the defendant in furnishing the elevator was acting, not as general contractor, but under a separate subcontract with Colonial. In this capacity, however, it was engaged in the common activity under the general contract. The moving of the tiles from the ground to the eighth floor was a necessary step in installation and was plainly an integral part of Colonial's work. *McPadden* v. *W. J. Halloran Co.* 338 Mass. 189, 192–193. See *Gauss* v. *H. N. Hartwell Co. Inc.* 338 Mass. 353, 354–355. On the facts stated there was therefore no issue for the jury.

The trial judge directed verdicts on the opening which was carefully made and appears intended as a complete statement of the cases. This action was within the judge's discretion. *Mulvaney* v. *Worcester*, 293 Mass. 32, 33. *Douglas* v. *Whittaker*, 324 Mass. 398, 399–400. See *Carbone* v. *Trustees of New York, N. H. & H. R.R.* 320 Mass. 710, 713–714.

*Exceptions overruled.*