WILLIAM E. BURNS *vs.* EDWARD H. BARRY & others.

Middlesex.    March 8, 1967. — July 7, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Libel and Slander. Public Officer. Practice, Civil,* Opening statement, Ordering verdict. *Evidence,* Privileged conversation.

A verdict for the defendant may be ordered upon an opening to the jury by the plaintiff not disclosing any cause of action.    [117]

Where it appeared that the plaintiff in an action for defamation had employed an associate to pose as a prospective employer of the plaintiff for the purpose of finding out what a public board would say about the plaintiff, allegedly defamatory statements concerning the plaintiff made by the defendant, a member of the board, to the associate could not be the basis of recovery by the plaintiff.    [118]

A member and an employee of a public board having the duty of passing upon applications for certain professional registrations had a conditional privilege with respect to allegedly defamatory statements made by them to a purported prospective employer of an unsuccessful applicant for registration.    [118–119]

In an action for defamation, the judge properly excluded testimony offered by the plaintiff as to his feelings upon hearing allegedly defamatory statements about him by the defendant while the plaintiff was listening in to a telephone conversation between the defendant and an associate of the plaintiff which the plaintiff himself had instigated. [119]

TORT.    Writ in the Superior Court dated February 7, 1958.

The action was tried before *Moynihan,* J.

*J. Fleet Cowden* for the plaintiff.

*Samuel W. Gaffer,* Assistant Attorney General, for the defendants.

REARDON, J.    This is an action of tort for defamation in three counts brought against various defendants individually and as members of the Board of Registration of Professional Engineers and Land Surveyors (Board) and against an employee of the Board.    Two of the defendant members of the Board are deceased, and the plaintiff subsequently waived his exceptions relative to two more.

The first count of the declaration is for slander and alleges that the defendant Barry as a member of the Board in 1957 made the statement, "It is a question of character and integrity. Burns took classified information from the Massachusetts Institute of Technology which he had no right to do and started a business on it." The jury returned a verdict for the defendant Barry on this count. On the second count, which alleged libel against the employee, the jury returned a verdict for the defendant and no rights were reserved on this count by the plaintiff. The third count is for defamation against Barry, Schofield and Talbot for the slander alleged in count 1, and additionally for the libel alleged in count 2 against the employee in sending to the President of the Massachusetts Senate a letter stating, "nothing in favor of registration came up. Applicant has good educational background, but he cannot seem to get references from his friends or employers." At the trial, a motion for a directed verdict was allowed after the plaintiff's opening as to the defendants Llewellyn T. Schofield and Harold L. Talbot but denied as to the defendant Barry. Following a jury verdict for the plaintiff only against Barry, the trial judge granted Barry's motion for entry of a verdict for him under leave reserved. The case is here on exceptions (1) to the direction of a verdict on count 3 for two of the defendants, Schofield and Talbot, following the opening statement by counsel for the plaintiff; (2) to the entry of a verdict for Barry on the third count under leave reserved; (3) to the exclusion of certain evidence; and (4) to the refusal of the trial judge to give certain instructions to the jury in accordance with the plaintiff's requests.

1. In his opening the plaintiff's counsel recounted the following. The plaintiff applied for registration as an engineer in 1947 stating six references. He was advised early in 1949 that the Board needed further information about his background. He was given a hearing by the Board and later in the same year was told that his registration was denied on the ground that his references were

unsatisfactory, which the plaintiff claims was untrue. Between 1949 and 1955 the membership of the Board changed but the 1955 Board also denied the application. In 1955 the plaintiff began to notice increased difficulty in procuring employment. He would apply, and "a 'phone call was made to someone or other, probably to the Board, asking questions about whether he was a registered engineer," following which the prospective employer seemed quickly to lose interest. The plaintiff then "employed one Skilton, an associate . . . [and] friend of his to pose as a prospective employer to find out what information he could secure from the Board." Skilton discovered easily from the Board not only that the plaintiff was not registered but why, and since he was calling up as a prospective employer under an assumed name the jury might infer that perhaps others did likewise. In addition, a letter went from the clerk of the Board to the Senator containing essentially the language detailed in count 3 of the declaration. "Now as a result of all these activities . . . the Board . . . went way beyond their statutory authority in considering that application. They did things they had no business doing. They did things which by no stretch of the imagination could they have conceived to have been their duty and denied his registration. That not being enough, they went on to fortify this denial, which, of course, in itself was an injustice, which later became more of an injustice when they were volunteering the slander that they had been circulating among themselves . . . ."

The power of the trial judge to direct a verdict on the opening is well established. *Mulvaney* v. *Worcester,* 293 Mass. 32, 33, and cases cited. The function and purpose of an opening have been thoroughly discussed in *Douglas* v. *Whittaker,* 324 Mass. 398, 399–400. It is elementary that if an opening plainly fails to show a cause of action a directed verdict may be granted upon motion. *Amorosso* v. *Farina Bros. Co. Inc.* 339 Mass. 595–596. There was no error by the trial judge in the direction of a verdict for Schofield and Talbot. The nub of the plaintiff's complaint

was the refusal of the Board to register him in 1949. The opening did not indicate that Schofield and Talbot were on the Board at that time. The opening in fact indicated that the reverse might have been true. If the plaintiff desired action by way of appeal from the Board's refusal to register him initially or to reconsider the refusal to register him, it lay open to him under the appeal procedures of G. L. c. 112, § 81S.

Additionally, the opening tended to demonstrate that the allegedly slanderous matter of which the plaintiff complains was voiced to an individual employed by the plaintiff to elicit it. If there was a wrong here it was one invited and procured by the plaintiff himself and it would constitute great inequity to allow him to recover on the basis of it. See *Howland* v. *George F. Blake Mfg. Co.* 156 Mass. 543, 570, and cases cited. We shall consider the allegedly libellous writing by the employee below. We conclude, however, as to that portion of the opening dealing with slander, that the judge's direction was proper as to two of the defendants and that it lay within his discretion to allow the case to proceed against Barry.

2. We discern no error in entering a verdict for Barry under leave reserved on count 3, which charged defamation. This count alleged the publication of false and malicious words "that the plaintiff is a man of bad moral character who cannot obtain satisfactory references relative to his application for registration . . . from either friends or former employers; that there is 'nothing in favor of his . . . registration'; that his integrity is in question and that he misappropriated classified material from the files of Massachusetts Institute of Technology''; and that these words were published in bad faith with malicious intent. However, as has been noted, the oral statements made by Barry to the plaintiff's associate were made in response to telephone inquiries initiated at the behest of the plaintiff, the number being usually dialed by him, and were conversations to which he listened by having his head at the telephone receiver next to that of the assumed prospec-

tive employer. Such statements as Barry made to one purporting to be a "prospective employer" were privileged. *Doane* v. *Grew,* 220 Mass. 171, 176. *Childs* v. *Erhard,* 226 Mass. 454. Whether the statements to the assumed employer were true or false is immaterial if there was no abuse of the privilege and there was no showing of actual malice. *Gassett* v. *Gilbert,* 6 Gray, 94, 97, and cases cited. *Sheehan* v. *Tobin,* 326 Mass. 185, 190–191.

There is to be considered in addition the privilege attaching to statements made by officials acting within the scope of their duties. *Vigoda* v. *Barton,* 348 Mass. 478, 483–485. See *Howland* v. *Flood,* 160 Mass. 509, 516. The defendants rightly contend that the very purpose of the Board of which Barry was a member was to protect the public on inquiries of the type which the plaintiff's associate made. "Where the official believes the matter to be true . . . and has not acted with actual malice . . . or with reckless indifference to the rights of the individual citizen, his conditional privilege is not abused." *Vigoda* v. *Barton,* 348 Mass. 478, 485. The law applicable to the oral communications is equally applicable to the letter sent by the employee even if it were to be considered defamatory.

3. The court did not err in giving the plaintiff's request in the words as stated. He amply covered the issue in such instructions as he did give relative to the telephone calls which contained the alleged slander by Barry. The plaintiff's other requests, failure to give which resulted in the plaintiff's exceptions, were not apt as not coming within the law of privilege as set out in *Vigoda* v. *Barton,* 348 Mass. 478.

4. No error appears in exclusion by the judge of testimony proffered by the plaintiff in regard to his feelings upon listening in to the conversation between Skilton and Barry. This was a conversation which he himself instigated and procured and what he heard was the direct result of his own procurement. *Howland* v. *George F. Blake Mfg. Co.* 156 Mass. 543, 570–571.

*Exceptions overruled.*