Bohn, J.
This is an action in tort in which the plaintiff alleges that the defendants published false and defamatory information regarding her character and performance, resulting in the plaintiffs discharge from her place of employment. The plaintiffs complaint is in four counts. In Counts I, II and III, each brought against one of the three individual defendants, the plaintiff seeks damages for the publication of the alleged false and defamatory information. In Count IV, brought against defendant Canteen Corporation, she seeks damages for the alleged wrongful termination of her employment. The case was entered in the District Court of Lowell, was removed to the Superior Court by the defendants, and then remanded for trial.
On June 2,1987, ajudge of the district court allowed defendants’ motion for summary judgment and entered a judgment of dismissal in favor of all defendants on all counts. We affirm the judgment and dismiss the report.
The evidence in this case may be summarized as follows: In October, 1983, plaintiff began work for defendant Canteen Corporation as a food handler assigned to the cafeteria of the Apollo Computer Corporation. At that time, defendant LaGrasse was employed by the Canteen Corporation in a supervisory capacity as the food manager for the Apollo Computer Complex, defendant *45 Reynolds was employed in a supervisory capacity as the head food service manager of Canteen Corporation and defendant Bickford was employed by Canteen Corporation as the corporate chef for the Apollo Complex.
While in the employ of the Canteen Corporation, the plaintiff received numerous verbal warnings and at least two written warnings concerning her job performance.[2] Specifically, on October 17,1985, defendants LaGrasse and Reynolds wrote to the plaintiff reprimanding her for her refusal to wear a complete uniform, for her disruption of staff, for her loud and abusive discussions, for her failure to follow her schedule and for her criticism of her fellow workers.
On November 11, 1985, defendant Reynolds, defendant LaGrasse and another wrote a second memorandum to plaintiff which again reprimanded her for her failure to wear a complete uniform, for her confrontational relationship with her co-workers, for her discussion of Canteen Corporation’s business with clients of the Apollo Corporation and for her continued failure to adhere to her schedule. This second communication, characterized by the defendants as a “final written warning”, advised the plaintiff that further violation would result in immediate termination.
On November 25,1985, plaintiff was terminated from her employment with Canteen Corporation. In her complaint, she alleged that her termination was the result of the October 17, 1985 and November 11, 1985 inter-office communications, that information contained in those communications was false and defamatory, and that she should be compensated for damages resulting from the publication of the defamatory information. In their answer and in their affidavits in support of their motion for summary judgment, the defendants deny that the information contained in the memoranda was false or defamatory. Moreover, claiming their limited privilege resulting from their employment relationship with the plaintiff, the defendants argue that the plaintiff has neither alleged nor shown any evidence that the defendants were motivated by malice, thus failing to show a genuine issue as to that material fact and entitling them to summary judgment.
1. A party is entitled to summary judgment if the “Pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Dist./Mun. Cts. R.Civ. P., Rule 56, 365 Mass. 824 (1974); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976). In the present case, the defendants are entitled to summary judgment if the pleadings, depositions and answers to interrogatories show that the communications which are the subject of the plaintiffs complaint were made in the context of an employment relationship, and that no genuine issue has been raised with respect to the motivation for those communications.
As a general rule, communications from a supervisor to a subordinate employee written in the course of the employment relationship for the purpose of improving the subordinate’s work product are protected by a conditional privilege that precludes recovery on the part of the employee unless the employee can show that the employer published the remark maliciously, Burns v. Barry, 353 Mass. 115, 119 (1967); Childs v. Erhard, 226 Mass. 454, 456 (1917); or excessively, Galvin v. The New York, New Haven and *46 Hartford, 341 Mass. 293, 297 (1960); or recklessly. Ezekiel v. Jones Motor Co., Inc., 374 Mass. 382, 390 (1978); Hutchinson v. New England Telephone & Telegraph, 350 Mass. 188, 191-192 (1966). The defendant, of course, must show that the communication was in the context of the employment relationship. Bander v. Metropolitan Life Insurance Company, 313 Mass. 337, 343 (1943). Once the defendant establishes the qualified privilege, however, the burden shifts to the plaintiff to prove that the privilege has been abused. Sheehan v. Tobin, 326 Mass. 185, 191-92 (1950); Connor v. Standard Publishing Co., 183 Mass. 474, 480 (1903); Humphrey v. National Semiconductor Corp., 18 Mass. App. Ct. 132, 134 (1984), review den., 393 Mass. 1102.
To avoid summaryjud'gment once the burden of proof has shifted, a plaintiff must show that the statements resulted from an expressly malicious motive, were recklessly disseminated, or involved a reckless disregard for the truth or the falsity of the information contained in the communication. Humphrey v. National Semiconductor Corp., supra at 135 (1984). See also Bratt v. International Business Machines, 392 Mass. 508, 517 (1977) (conditional privilege where medical information published). In the absence of such a showing, the motion for summaryjudgment will be allowed, even if the remark was in fact not true. Burns v. Barry, 353 Mass. 115, 119 (1967); Sheehan v. Tobin, 326 Mass. 185, 190 (1950); Doane v. Grew, 220 Mass. 171, 176 (1915). And see, generally, Arsenault v. Allegheny Airlines, Inc., 485 F. Supp. 1373 (1980), affirmed, 636 F. 2d 1199, cert. den. 102 S. Ct. 105.
In the present case, the pleadings, depositions, answers to interrogatories and affidavits show that the statements about which the plaintiff complained were made by Canteen Corporation’s supervisory personnel in the regular course of business as part of the employee review process. All of the statements at issue were contained within internal business communications, with no intended audience except the Canteen Corporation’s management personnel and the plaintiff. Those statements, theréfore, were protected by the conditional privilege discussed above, and the plaintiff was left to show the existence of a genuine issue with respect to malice or recklessness.
In this case, there is no allegation of substance regarding malice nor any showing to support any contention on the part of the plaintiff that the defendants were motivated by ill will or that the communications were disseminated in a reckless manner. To the contrary, it apears in the record that defendants were motivated by an appropriate concern for the appearance and cleaniness of their employees and by their desire to provide an atmosphere of some elegance to the diners in a corporate lunch room.
It is true that in her affidavit in opposition to the motion for summary judgment, plaintiff includes a statement to the effect that the notices of October 17,1985 and November 11,1985 were issued maliciously and with the intent to cause her discharge. It is also true that in her deposition, plaintiff makes certain vague references to acts which, if taken in the extreme, might suggest malicious behavior on the part of the defendants. Those oblique references, however, are conclusionary in nature and self-serving. And it is well-settled that an opposing party will not successfully avoid summary judgment when he or she merely raises “vague and general allegations of expected proof.” Community National Bank v. Dawes, 369 Mass. 550, 555-556 (1976); Charing Cross Corporation v. Comfed Mortgage Co., Inc., 25 Mass. App. Ct. 924 (1987), and cases cited. Stated differently, “[u]nsupplemented allegations will not suffice to defeat a well pleaded motion for summary judgment.” Humphrey v. National Semiconductor Corp., supra at p. 136; *47 Cannett v. Lovell, 16 Mass. App. Ct. 325, 327 (1983).
In short, on the pleadings, depositions, answers to interrogatories and affidavits in this case, defendants Reynolds, LaGrasse and Bickford are entitled to a judgment on Counts I, II and III of the complaint as a matter of law.
2. Similarly, the defendant corporation is entitled to summary judgment on Count IV.
The plaintiff was an “at will” employee of the Canteen Corporation. See Simons v. American Dry Ginger Ale Co., 335 Mass. 521, 524-525 (1957). In Massachusetts, a discharged at-will employee may have a valid cause of action against an employer if the employee can show that the employer had an improper motive for firing him or her, had acted out of malevolence, or had acted contrary to some specific public policy. See Gram v. Liberty Mutual Insurance Co., 384 Mass. 659, 668 (1981). Stated differently, an at-will employment agreement generally contains an implied covenant of good faith and fair dealing, and a termination not made in good faith constitutes a breach of that agreement. See Maddaloni v. Western Mass. Bus Lines, Inc., 386 Mass. 877, 884 (1982); Fortune v. National Cash Register Co., 373 Mass. 96, 101 (1977). And see Klein v. Presiding & Fellows of Harvard College, 25 Mass. App. Ct. 204, 208 (1987).
In the present case, the pleadings, depositions, answers to interrogatories and affidavits show that the plaintiff was terminated following several written employee warnings for numerous infractions of telephone policy, for failing to report to work without telephone notice, for failing to follow her assigned schedule, for failure to wear a complete uniform, for disrupting staff and for loud and abusive discussions at work service areas open to the view of the public. There is no showing in the answers to interrogatories, depositions or affidiavits, other than unsupported allegations contained in the complaint, that defendant’s termination of plaintiffs at-will employment was motiviated by bad faith or was contrary to public policy. In short, there is no genuine issue as to any material fact with respect to the termination of plaintiffs employment, and the defendant corporation is entitled to judgment on Count IV of the complaint as a matter of law.
3. The judgment of the trial court dismissing all counts against all defendants is affirmed. The report is dismissed.

 In her affidavit in support or tier motion for summary judgment, defendant Reynolds testified that she gave the plaintiff “approximately a dozen oral warnings and two or three written warnings regarding her unsatisfactory job performance.”