Doerfer, J.
The plaintiff, Katherine DiBenedetto (“DiBenedetto”), brought this action against the defendant, Commonwealth of Massachusetts (“the Commonwealth”), to recover damages arising out of an automobile accident which occurred on May 11, 1992. The Commonwealth has now moved for summary judgment on the ground that DiBenedetto’s action is governed by G.L.c. 81, §18, “the road defect” statute and that DiBenedetto has failed to comply with the 30-day notice requirements of that statute. DiB-enedetto contends in opposition that her action is governed by the Massachusetts Tort Claims Act, G.L.c. 258, not G.L.c. 81, §18, because the action involves a motor vehicle tort.
BACKGROUND
For the purposes of this motion, the following facts are undisputed.
On May 11, 1992, DiBenedetto was driving her automobile on Route 128 in Canton, Massachusetts. At the same time and place, Commonwealth employee, Ronald Talbot (“Talbot”), was towing a Massachusetts Department of Public Works (“DPWj arrow board behind a DPW dump truck in the left hand lane of the highway. The truck driven by Talbot was backing up a state prison litter crew on the median strip. As Talbot drove the dump truck and the arrow board in the left hand lane at approximately 5 m.p.h., he was struck in the rear by DiBenedetto’s vehicle.
On June 23, 1992, forty-three days after the date of the accident, DiBenedetto’s counsel notified the Massachusetts Highway Department (“MHD”) that DiBenedetto had suffered injuries as a result of the May 11, 1992 collision. On July 28, 1992, DiBenedetto’s counsel sent a second letter of notice to the Commonwealth’s Executive Office of Transportation and Construction. The second letter characterized plaintiffs claim as arising under the Massachusetts Tort Claims Act.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and
where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
G.L.c. 81, §18 is the exclusive remedy against the Commonwealth for injuries arising out of defective conditions on state highways. St. 1978, c. 512, §18; Gallant v. Worcester, 383 Mass. 707, 711-12 (1981). G.L.c. 84, §18, which is explicitly incorporated in G.L.c. 81, §18, states:
A person so injured shall, within thirty days thereafter give to the county, city, town, or person by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of said injury or damage . . .
G.L.c. 84, §18. Proper notice is a condition precedent to bringing an action against a public entity under the “road defect” statute and is “an essential ingredient indispensable to the existence of a cause of action.” Trioli v. Sudbury, 15 Mass.App.Ct. 394, 397 (1983), quoting Paddock v. Brookline, 347 Mass. 230, 231-32 (1964). Thus, if DiBenedetto’s action is governed by the “road defect” statute, there is no dispute that it must be dismissed for failure to comply with the notice requirements of G.L.c. 84, §18.
G.L.c. 81, §18 and G.L.c. 84, §15 have been interpreted rather broadly in the Commonwealth. The negligent design, construction, and maintenance of an intersection has been held to be a defect in the way. Gallant v. Worcester, 383 Mass. 707, 708 (1981). Further, the failure to erect stop signs or road barriers have also been categorized as “public defects.” Trioli v. Sudbury, 15 Mass.App.Ct. 394, 395-97 (1983); Scholl v. New England Power Service Co., 340 Mass. 267,271 (1960).
In Mulvaney v. Worcester, 293 Mass. 32 (1935), the plaintiff asserted that a steam roller, which was parked on the side of the street in anticipation of use on the following day, constituted a public nuisance. Id. at 34. The Supreme Judicial Court rejected this assertion and stated that “at most, the steam roller, like an excavation left in the course of unfinished repairs, was a defect in the way...” Id. The Commonwealth now relies on Mulvaney in support of its contention that DiBenedetto’s accident was the result of a “road defect.”
The major distinction between Mulvaney and the case at bar is that DiBenedetto collided with a moving DPW truck operated by a Commonwealth employee. To date, the cases decided under G.L.c. 81, §18 and G.L.c. 84, §15 have involved immobile objects that *340 render the public way “unsafe or inconvenient for ordinary travel.” Trioli, supra at 397, quoting Gallant, supra at 711.
Rather, this case is analogous to Stuart v. Brookline, 412 Mass. 251 (1992). In Stuart, the plaintiff collided with a police officer’s cruiser while the police officer was engaged in radar and speed control. Id. at 253. At the time of impact, the police officer was operating his cruiser within the right traffic lane at approximately twenty miles per hour. Id. The Supreme Judicial Court held that the plaintiffs action was properly governed by G.L.c. 258, §2 because the police officer had a duty to exercise reasonable care while operating his cruiser. Id. at 255-57. Similarly, in the present case, Talbot had a duty to exercise reasonable care in operating the DPW dump truck. The court thus declines to expand the reach of the “road defects” statute to include the presence of a slow-moving DPW truck on the side of the highway. Rather, DiBenedetto’s action sounds in motor vehicle tort and, as such, is properly governed under the Massachusetts Tort Claims Act.
The Commonwealth alternatively argues that it is not liable for DiBenedetto’s injuries because, under G.L.c. 81, §18, “the commonwealth shall not be liable for injury sustained . . . during the construction, reconstruction, or repair of such highway.” G.L.c. 81, §18. The Commonwealth contends that litter removal constitutes “construction, reconstruction, or repair” for the purposes of this statute because the collection of refuse has the effect of returning a highway to its prior safe condition.
“[A] basic tenet of statutory construction is to give the words their plain meaning in light of the aim of the Legislature ...” Commonwealth v. Vickey, 381 Mass. 762, 767 (1980). While the Commonwealth’s argument is attractive, to so hold would extend the statute beyond its plain meaning. Further, there is no indication in the statute that the Legislature intended to deprive a plaintiff of his or her right of action against a Commonwealth employee who negligently operates a motor vehicle on a state highway and thereby causes injury. The court thus concludes that G.L.c. 81, §18 is not applicable to this action. Accordingly, the Commonwealth’s motion for summary judgment is denied.[1]
ORDER
For the foregoing reasons, the defendant Commonwealth of Massachusetts’ Motion for Summary Judgment is DENIED.

DiBenedetto further contends that there may be a question of material fact as to whether this accident occurred on a state highway so as to invoke the notice requirements of G.L.c. 84, §18. Because the court has concluded on other grounds that DiBenedetto’s action is not governed by the “road defect” statute, the court need not address this issue.