Suzanna SENSING, Plaintiff

v.

OUTBACK STEAKHOUSE OF
FLORIDA, INC. and Charles
Kozmits, Defendants.

Civil Action No. 06–11508–RCL.

United States District Court,
D. Massachusetts.

May 27, 2008.

Paul H. Merry Attorney at Law, Boston, MA, for Plaintiff, Suzanna Sensing.

John F. Welsh, III, Bello, Black Welsh LLP, Boston, MA, for Defendant, Outback Steakhouse of Florida, Inc.

## MEMORANDUM AND ORDER ON THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

YOUNG, District Judge.

Upon consideration of the defendants' motion for summary judgment, the papers submitted in support of and in opposition to that motion, and the arguments made by counsel at the hearing held on April 15, 2008, the Court rules as follows:

1. Count I alleges handicap discrimination under Massachusetts General Laws ch. 151B § 4(16). The plaintiff, Suzanna Sensing ("Sensing"), claims that she was terminated in her takeaway position by Outback Steakhouse of Florida, Inc. ("Outback") and Charles Kozmits ("Kozmits")(collectively, the "defendants") because of her handicap as a person with multiple sclerosis, or because she was regarded as handicapped by her employer, but that she is a qualified handicapped person.

Massachusetts General Laws ch. 151B § 4(16) makes it an unlawful practice "[f]or any employer ... to dismiss from

employment ... or otherwise discriminate against, because of his handicap, any person alleged to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation, unless the employer can demonstrate that the accommodation required to be made to the physical or mental limitations of the person would impose an undue hardship to the employer's business." For purposes of the statute, a "qualified handicapped person" is "a handicapped person who is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of a particular job with reasonable accommodation to his handicap." Mass. Gen. Laws ch. 151B § 1(16).

The Court has reviewed the evidence on the record in the light most favorable to Sensing and made all reasonable inferences in her favor, as the nonmoving party. *See Cadle Co. v. Hayes,* 116 F.3d 957, 959 (1st Cir.1997).

■ Assuming *arguendo* that Sensing is a "qualified handicapped person," or that she is regarded as such by her employer, Sensing was neither constructively discharged nor terminated, let alone was she constructively discharged because of her handicap. This is fatal to her claim of handicap discrimination.

■ Sensing was an at-will employee, and generally, at-will employees can be discharged for almost any reason. *GTE Products Corp. v. Stewart,* 421 Mass. 22, 26, 653 N.E.2d 161 (1995). A constructive discharge essentially means that an employee feels forced to resign because of the employer's conduct. *Id.* at 33–34, 653 N.E.2d 161. To establish a claim that she was constructively discharged, "the trier of fact must be satisfied that the new working conditions would have been so difficult or unpleasant that a reasonable person in

the employee's shoes would have felt compelled to resign." *Id.* at 34, 653 N.E.2d 161. There is not sufficient evidence on this record that the new working conditions proposed for Sensing—undergoing an independent medical exam prior to returning to her takeaway position, or taking a light duty position in the interim—would have been so difficult or unpleasant that a reasonable person would have felt compelled to resign.

■ Moreover, "[a] single, isolated act of an employer (or an agent of the employer) usually will not be enough to support a constructive discharge claim. Thus, evidence of a single unfavorable performance review or even of a demotion generally will not be deemed sufficient to support a claim." *GTE Products Corp. v. Stewart,* 421 Mass. 22, 34, 653 N.E.2d 161 (1995). In this case, Sensing merely has alleged a temporary demotion pending a medical examination, after which, if found able, she would return to her takeaway position, and has alleged that the managing partner of the restaurant, Kozmits, did not call her back as promised with the identity of the doctor to perform the exam after a phone conversation between Sensing and Kozmits on May 5, 2005.

Regardless whether the request for Sensing to take a medical exam before resuming her takeaway position and the offer of a light duty position in the interim was reasonable, it was a single act of the employer, not part of a larger pattern. Indeed, there is evidence on the record, and Sensing admits, that the defendants had previously accommodated her handicap during an earlier episode, or flare-up, of her multiple sclerosis. In addition, there is insufficient evidence on this record that the new working conditions for Sensing would have been so difficult or

unpleasant that a reasonable person would have felt compelled to resign.

Summary judgment is GRANTED for the defendants on this claim because the plaintiff has not produced evidence sufficient to make triable an essential element of her claim of handicap discrimination, namely, that she was constructively discharged.

■■■ 2. Count II is a defamation claim. In order to prevail on a claim of defamation under Massachusetts law, Sensing, as a private figure plaintiff, must show that the defendants: 1) published 2) a false[1] and defamatory statement 3) of and concerning her. The First Circuit has synthesized these elements thus:

> First, the defamatory statement must "hold the plaintiff up to contempt, hatred, scorn, or ridicule or tend to impair his standing in the community, at least to his discredit in the minds of a considerable and respectable class in the community." Second, the statement must have been to at least one other individual other than the one defamed. Third, where the speech is a matter of public concern, a defamation plaintiff must prove not only that the statements were defamatory, but also that they were false. Finally, the plaintiff must show that he suffered special damages and must set forth these damages specifically.

*Yohe v. Nugent*, 321 F.3d 35, 40 (1st Cir. 2003) (citations and footnote omitted).[2]

■■■ This case also involves a conditional privilege. Under Massachusetts law, an employer has a conditional privilege to disclose defamatory information concerning an employee where the publication of the defamatory material is reasonably necessary to the protection of a legitimate business interest or "where the publisher of the statement and the recipient have a common interest, and the communication is of a kind reasonably calculated to protect or further it." *Carmack v. National R.R. Passenger Corp.*, 486 F.Supp.2d 58, 78 (D.Mass.2007)(Saris, J.) (citations omitted). Massachusetts courts have held, and courts applying Massachusetts law have followed, that a conditional privilege applies "where an employer makes a defamatory statement about a former employee in providing a recommendation, at the former employee's request, to a prospective employer." *Miller v. Tope*, 2003 WL 22794487, *9 (D.Mass.2003) (Woodlock, J.) (citations omitted).

---

1. A private figure plaintiff has the burden of proving the falsity of the defendants' statement on a matter of public concern. When the plaintiff is a private figure and the matter is of private concern, however as in this case, it is the defendants' burden to prove that the statement is true, and truth is an affirmative defense; "false" is then deleted as an element to be proven by the plaintiff. Furthermore, if a jury determines that the defamatory statements or writings were true, the plaintiff must then show that they were said or written with actual malice to recover under Mass. Gen. Laws ch. 231, § 92 (See *White v. Blue Cross & Blue Shield of Mass.*, 442 Mass. 64, 67 n. 4, 809 N.E.2d 1034 (Mass.2004)).

2. Sensing needs to show that she has suffered actual injury or harm as a result of the publication of the defamatory matter. Economic loss does not need to be proven if the statements fall within four types "actionable without proof of loss ... [namely,] statements that constitute libel, statements that charge the plaintiff with a crime, statements that allege that the plaintiff has certain diseases, and statements that may prejudice the plaintiff's profession or business (citations omitted)." If one of these four exceptions is found, the plaintiff can also recover for emotional injury and damage to reputation. *Ravnikar v. Bogojavlensky*, 438 Mass. 627, 630, 782 N.E.2d 508 (2003). In this case, however, although the defamatory matter could potentially fall within the fourth exception as prejudicing Sensing's profession, the Court does not reach the issue of damages for this count.

■ A holder of the conditional privilege, such an employer, can lose the privilege by acting with "actual malice" or through unreasonable or excessive publication of the defamatory statement. *Id.* Once a conditional privilege is recognized, however, it is the burden of the employee to prove that the privilege was abused or lost. *Martinez v. New England Medical Center Hospitals, Inc.,* 307 F.Supp.2d 257, 268 (D.Mass.2004)(Tauro, J.).

■ The Court GRANTS summary judgment for the defendants on this defamation claim. The statement identified as defamatory is the July 2005 statement by Kozmits to an alleged potential employer of Sensing that Sensing was "not eligible for rehire" at the Outback restaurant. In her deposition, the plaintiff also testified about another statement that she believed was defamatory made by Kozmits when he told Sensing that she was a liability.

The latter statement does not constitute defamation on its face as matter of law, as the evidence is undisputed that there was no one else participating in the conversation in which Kozmits told Sensing she was a liability except herself and Kozmits, and that no one overheard it. Thus, there was no publication to a third party, even assuming *arguendo* that the statement was defamatory.

As for the allegedly defamatory statement that Sensing was "not eligible for rehire," this statement was of and concerning the plaintiff and it was published to a third party. However, the undisputed evidence on the record shows that the third party was a work colleague of Sensing's mother who was asked by Sensing to call Kozmits to see if Kozmits was giving Sensing a good reference. Sensing was not a candidate for a position. The Supreme Judicial Court has stated that where "the allegedly slanderous matter of which the plaintiff complains was voiced to an individual employed by the plaintiff to elicit it ... it would constitute great inequity to allow him to recover on the basis of it." *Burns v. Barry,* 353 Mass. 115, 118, 228 N.E.2d 728 (1967).

Furthermore, Sensing testified that the statement by Kozmits that she was "not eligible for rehire" did not cause her any damages; there is no disputed fact on the record with regard to damages.

Assuming *arguendo* that this statement was defamatory, the defendants are entitled to summary judgment as matter of law on the defamation claim as there is no evidence to support elements of the claim. Furthermore, there is no evidence on the record of actual malice or abuse of the conditional privilege of the employer in this case.

■ 3. Count III is a breach of contract claim. Sensing alleges that Outback has employment policies and procedures, including anti-discrimination policies, outlined in a personnel manual, which formed the basis of a contract between Outback and Sensing, which Outback then breached.

■ While it is possible under Massachusetts law for an at-will employee to have a contract with her employer formed by a personnel manual under certain circumstances, there is no sufficient evidence to find the existence of a contract in this case. *See O'Brien v. New England Tel. & Tel. Co.,* 422 Mass. 686, 691–93, 664 N.E.2d 843 (1996). There is no evidence, for example, that Sensing signed the manual, acknowledged an understanding of its terms, bargained for any of the terms, or that she reasonably expected that Outback would follow its procedures with regards to her (as she stated she was not aware of them and did not consult them during this period); there is evidence that the manual itself states that it should not be construed

as the basis for an implied contract or an employment contract. *See Id.* and *McMillan v. Massachusetts Soc. for Prevention of Cruelty to Animals,* 140 F.3d 288, 310 (1st Cir.1998).

Summary judgment is thereby GRANTED for the defendants on this count.

4. Accordingly, the defendants' motion for summary judgment is granted as to counts I, II, and III of the complaint.

SO ORDERED.